BOSTWICK
*vs.*
GASQUET ET AL.

BOSTWICK *vs.* GASQUET ET AL.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE
OF THE EIGHTH PRESIDING.

The jury are made the judges of the law and facts of the case, when it is
submitted for their verdict. They may indeed act on a question of fact,
and by a special verdict submit that of law to the court; but they are at
liberty in all cases to act on both questions.

This suit commenced by injunction. The plaintiff alleges,
that in the year 1822 she obtained a judgment of separation
of property from her husband, decreeing to her the restora-
tion of her paraphernal effects, which decree was duly
executed, and that she has been openly and notoriously in
the possession and administration thereof.

She further shows, that the defendants, in virtue of
judgments obtained against her husband, have levied execu-
tions on two tracts of land and several lots, with their
improvements, in the town of Clinton, Louisiana, and are
about to sell the same, in satisfaction of their said claims
against her husband. She prays for an injunction, and that
the property thus seized, be declared to belong to her sepa-
rately, in pursuance of her said judgment of separation
against her husband.

The defendants alleged, that the judgment of separation,
if any existed, was obtained through fraud and collusion
between the husband and wife, to defraud his creditors by
covering his property so as to prevent the creditors from
seizing and subjecting it to the payment of their just claims.

On these pleadings and issues, the parties went to trial
before the court and a jury.

In the course of the trial, "after the evidence had been
gone through, and the case was under argument, the counsel
for the plaintiff attempted to argue to the jury, that they
were the judges of both the law and the fact, notwithstanding

the court has expressed its opinion, that if the judgment of the plaintiff was not supported by testimony of its genuineness, that it must go for nothing." The court refused to allow the counsel to argue the question, and having charged the jury that they were not the judges of the law, the plaintiff's counsel took his bill of exceptions to the opinion of the court.

The jury returned a verdict for the defendants. Upon this verdict judgment was rendered, dissolving the injunction, with twenty per cent. damages on the amount of the judgments enjoined. The plaintiff appealed.

*Lawson,* for the plaintiff.

*Downs* and *Cooley, contra.*

*Martin, J.,* delivered the opinion of the court.

Our attention is arrested by a bill of exceptions, taken by the plaintiff and appellant's counsel to the opinion of the District Court, in refusing him leave to argue to the jury, "that they were judges of both the law and the fact, and that notwithstanding the court has expressed the opinion, that if the judgment of the plaintiff was not supported by testimony of its genuineness, that it must go for nothing;" and the court having refused to suffer the counsel to argue it, and having charged the jury that they were not the judges of the law, the plaintiff took his bill of exceptions. In our opinion the District Court erred. The jury may indeed act on a question of fact, and by a special verdict submit that of law to the court; but they are at liberty in all cases to act on both questions. *Code of Practice, article* 520.

The jury are made the judges of the law and facts of the case, when it is submitted for their verdict. They may indeed act on a question of fact, and by a special verdict submit that of law to the court; but they are at liberty in all cases to act on both questions.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, the verdict set aside, and the case remanded for a new trial, with directions to the judge to allow the plaintiff's counsel to argue to the jury, that they are the judges of both the law and the fact; and that notwithstanding the court

has expressed the opinion, that if the judgment of the plaintiff was not supported by testimony of its genuineness, that it must go for nothing; and to forbear charging the jury that they were not to judge of both law and fact: the defendants and appellees paying the costs of this appeal.